Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer on 9 April 1998.
3. American Global/AIGCS was the carrier on the risk at all relevant times.
4. Plaintiffs average weekly wage on 9 April 1998 was $616.84, yielding a compensation rate of $411.25 per week.
5. Plaintiffs medical records regarding this claim are admitted into evidence as Stipulated Exhibit #2.
6. A two-page accident/injury report is admitted into evidence as Stipulated Exhibit #3.
7. The following letters are admitted into evidence as Stipulated Exhibit #4.
(1) From G. Les Burke to Holly Easter, dated 10 November 1998;
(2) From Holly Easter to G. Les Burke, dated 13 November 1998;
(3) From G. Les Burke to Holly Easter, dated 9 December 1998;
(4) From G. Les Burke to Holly Easter, dated 21 December 1998;
(5) From Holly Easter to G. Les Burke, dated 21 December 1998;
(6) From G. Les Burke to Holly Easter, dated 30 December 1998;
(7) From Holly Easter to G. Les Burke, dated 9 November 1998;
(8) From Holly Easter to G. Les Burke, dated 10 December 1998;
(9) From Holly Easter to G. Les Burke, dated 30 December 1998.
8. Plaintiffs Disability Claim information is admitted into evidence as Stipulated Exhibit #5.
9. Plaintiffs prescription printouts are admitted into evidence as Stipulated Exhibit #6.
10. Discovery responses with respect to this claim are admitted into evidence as Stipulated Exhibit #7.
11. The issues before the Commission are whether plaintiff sustained a compensable injury on 9 April 1998; and, if so, to what, if any, benefits is he entitled. Plaintiff has also requested attorney fees.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. On 9 April 1998, plaintiff was a 41 year-old male employed as a cable operator. Plaintiff began working for defendant in 1987. Plaintiffs duties included creeling, doffing, and running twisting frames. Defendant is engaged in the business of tire cord manufacturing.
2. On 9 April 1998, plaintiff was bending over picking up spools out of one box and transferring them to another when he felt a pain in his lower back. Plaintiff reported the incident to his supervisor and plaintiff was referred to Dr. David Williams for treatment. Plaintiff continued to work.
3. Plaintiff again saw Dr. Williams on 14 April 1998. Plaintiffs muscle strain, which occurred 9 April 1998, had healed. Dr. Williams did not recommend any further treatment or restrictions from work. Plaintiff did not miss any time from work between 9 April 1998 and 17 August 1998 except one day, 6 July 1998. Plaintiff next saw Dr. Williams 1 June 1998 with complaints of cough, sore throat, and runny nose. Plaintiff did not mention any back problems. pain. Plaintiff returned to Dr. Williams on 17 August 1998 and was diagnosed with lumbar strain.
5. Dr. Williams recommended plaintiff work until 2 September 1998. On 18 August 1998 plaintiff completed a Disability Claim Statement for Trans-General Life Insurance Company. Plaintiff listed 15 August 1998 as the date of the accident and checked the box indicating he was not at work when the accident occurred. However, defendant-employer had already denied plaintiffs claim for the 9 April 1998 injury, claiming it was not compensable because he was performing his regular duties.
6. Dr. Williams also completed plaintiffs Disability Claim Statement. He noted plaintiffs problems arose 15 August 1998 and the injury did not arise out of plaintiffs employment.
7. Plaintiff received short-term disability benefits from Trans-General Life Insurance in the gross amount of $342.86 for the period from 17 August 1998 through 2 September 1998. Plaintiff paid a portion of the premiums on this disability plan.
8. Plaintiff was seen at Laurel Hill Family Medicine on 24 August 1998 for back pain and later referred to Dr. James Rice at Sand Hills Orthopedic and Spine Clinic. An MRI revealed degenerative changes at L4-5 with a central bulging disk. There was no complete herniation of the disk and no nerve root encroachment. Dr. Rice recommended an anterior interbody fusion with BAK cage instrumentation.
9. Plaintiff sought a second opinion regarding surgery from Dr. Hucks-Folliss of Pinehurst Surgery Clinic on 11 May 1999. Dr. Hucks-Follis concurred that surgery was appropriate because plaintiff continued to experience mechanical back pain after a year of conservative treatment.
10. Defendants sent plaintiff to Dr. Alfred Rhyne for an IME. Dr. Rhyne recommended additional testing, such as a diskogram, prior to surgery in order to definitely determine whether a bulging disc with no nerve encroachment was causing all of plaintiffs symptoms.
11. Plaintiff chose to have the fusion surgery on 1 July 1999. As of the date of the close of the record before the Deputy Commissioner, plaintiff was still healing from this surgery. It normally takes three to six months for a fusion to heal completely and approximately twelve months post-operative to reach maximum medical improvement.
12. Although contrary evidence exists in the record, the Deputy Commissioner found plaintiffs testimony concerning the injury by accident credible. The Full Commission declines to overturn the Deputy Commissioners credibility determination.
13. The greater weight of the evidence is that plaintiff suffered a work-related injury to his back on 9 April 1998. Although plaintiff was able to continue working until cleaning out his car on 15 August 1998, plaintiff was under Dr. Williams care and taking Soma for back pain every week. Plaintiff had not experienced lower back problems prior to 9 April 1998. The greater weight of the medical evidence is that plaintiffs work-related lifting injury on 9 April 1998 caused plaintiffs continual back problems, which became increasingly worse until the July 1999 fusion surgery.
14. As a result of plaintiffs work-related injury on 9 April 1998, plaintiff was unable to work or earn wages from 17 August 1998 through 2 September 1998. At the time of the hearing before the Deputy Commissioner on 24 June 1999, plaintiff was performing his regular work. Plaintiffs surgery was 1 July 1999 and plaintiff had not returned to work by the close of the record.
***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 9 April 1998, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained a specific traumatic incident of the work assigned. N.C. Gen. Stat. 97-2(6).
2. As a result of plaintiffs compensable injury, plaintiff is entitled to temporary total disability at his compensation rate of $411.25 per week from 17 August 1998 through 2 September 1998 and from 1 July 1999 and continuing until further Order of the Commission. N.C. Gen. Stat.97-29.
3. Subject to the time limitation in N.C. Gen. Stat. 97-25.1, plaintiff is entitled to have defendants provide all medical treatment arising from this compensable injury to the extent it tends to effect a cure, give relief or lessen plaintiffs disability. N.C. Gen. Stat. 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney fee approved below, defendants shall pay plaintiff temporary total disability at a compensation rate of $411.25 per week from 17 August 1998 through 2 September 1998 and from 1 July 1999 and continuing until further Order of the Commission. Those amounts which have accrued shall be payable in a lump sum.
2. A reasonable attorney fee of twenty-five percent (25%) of the compensation due plaintiff under Paragraph 1 of this AWARD shall be deducted from the lump sum due plaintiff and paid directly to plaintiffs counsel. Thereafter, every fourth check shall be payable directly to plaintiffs counsel.
3. Subject to the time limitation in N.C. Gen. Stat. 97-25.1, defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his 9 April 1998 back injury.
4. Defendants shall pay the costs.
This the ___ day of September, 2000.
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/________________ RENÉE C. RIGGSBEE COMMISSIONER